**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00063-CV**

_____

**IN RE COMMITMENT OF JOHN FITZGERALD LORD**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-04917 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit John Fitzgerald Lord as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Lord is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. On appeal, Lord challenges the factual sufficiency of the evidence. We affirm the trial court's judgment.

In a single appellate issue, Lord contends that the evidence is factually insufficient to support findings that he has serious difficulty controlling his

1

behavior and that he is likely to engage in predatory acts of sexual violence. According to Lord, testimony from the State's expert was too conclusory to support the jury's finding that Lord is a sexually violent predator.

Under a factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied.). Conclusory or speculative testimony is not relevant evidence because it does not tend to make the existence of a material fact more or less probable. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). "Bare, baseless opinions will not support a judgment[.]" *Id.*

The State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A "sexually violent predator" is a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another

person." *Id*. at § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

At trial, the State read Lord's responses to requests for admissions into evidence, including admissions that he was convicted of indecency with a child and aggravated sexual assault, failed to complete sex offender treatment, is a sex offender, and needs sex offender treatment. Lord testified that he pleaded guilty to sexual offenses he committed against his niece, nephew, and step-daughter. Lord also admitted that he is a pedophile, but he denied being attracted to young children or having sexually deviant thoughts. Lord describes himself as a sex addict and testified that he has attended Sex Addicts Anonymous, but did not complete all steps of the program. Lord testified that he is participating in sex offender treatment, which has educated him and given him the tools needed to help him in the future. He agreed that he would benefit from additional treatment. Because of his past offenses, Lord expressed concern that he would reoffend once

released from prison, and he explained that he would remove himself from situations involving children.

Psychiatrist Dr. Sheri Gaines testified that Lord has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. Gaines explained that her opinion is based on the facts and details of Lord's offenses, which demonstrate that Lord suffers from sexual deviancy. Gaines diagnosed Lord with pedophilia, which she explained is a lifelong, chronic condition. Gaines testified that the number of victims, the victims' ages, the different types of acts perpetrated on the victims, the repeated acts against the victims, a male victim, commission of an offense while on probation, minimization, victim blame, antisocial traits, and an unclear release plan are all factors that increase the risk that Lord will reoffend. Gaines identified the following positive factors that reduce Lord's risk of reoffending: marriage, religious beliefs, some education, employment history, and participation in sex offender treatment. Gaines testified that these factors are insufficient to significantly reduce Lord's risk, and she opined that, given Lord's risk factors, Lord is likely to reoffend.

The record demonstrates that Gaines is licensed in her field. She interviewed Lord, reviewed records regarding his background, offenses, and incarceration, relied on the types of records relied on by experts in her field, and performed her

4

evaluation in accordance with her training as a professional in her field. She based her opinion on the facts and data gathered from the records she reviewed, her interview with Lord, and the risk assessment she conducted. Gaines explained in detail the facts and evidence she found relevant in forming her opinion and how those facts played a role in her evaluation. She concluded that Lord suffers from a behavioral abnormality as defined by the SVP statute. Gaines's testimony is not so conclusory as to be completely lacking in probative value. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *14 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.).

In addition to Gaines's opinion that Lord has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, the jury heard Lord's admissions and testimony and heard evidence of his risk factors, criminal history, sexual offenses, and diagnosis. The jury could reasonably conclude that Lord has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization. *See Almaguer*, 117 S.W.3d at 506; *see also Burnett*, 2009 Tex. App. LEXIS 9930, at *13. Such conclusions are implicit in a finding that Lord suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Grinstead*, No. 09-07-

5

00412-CV, 2009 Tex. App. LEXIS 228, at \*16 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.); *see also In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at \*\*12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.). Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule Lord's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 24, 2013
Opinion Delivered September 19, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

6